UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Oliver M. Boling, # 36688-118, | ) | C/A No. 4:16-3227-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Warden (F.C.I.) Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Oliver Boling, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. Petitioner is an inmate at a federal institution. However, Plaintiff is considered to be a state prisoner as more fully discussed below. *See Boling v. Rivera*, 2011 WL 6182124, *3 (D.S.C. Dec. 13, 2011) . The Petition is subject to dismissal because it is successive and presented without an order from the Fourth Circuit Court of Appeals authorizing this Court to consider a successive petition.

**DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and motion to proceed *in forma pauperis* pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.[1] Following the required initial review, it is recommended that the Petition should be summarily dismissed due to being successive and lacking authorization from the Fourth Circuit Court of Appeals.

Petitioner is currently serving a cumulative sentence of seventy-one and a half (71.5) years for sentences imposed by the Superior Court of the District of Columbia (D.C.). Petitioner is contesting the execution of his sentence and alleges that the Bureau of Prisons has failed to award him good time credits under 18 U.S.C. § 4161 and D.C. Institutional Good Time 24-428(a). ECF No. 1. Even though currently incarcerated at FCI-Estill, he is not a prisoner incarcerated pursuant to a judgment of a United States District Court. He is a District of Columbia prisoner incarcerated in the United States Bureau of Prisons (BOP). The D.C. Circuit Court treats the "local [District of

---

[1] The Rules Governing Section 2254 Cases are also applicable to Section 2241 cases. *See* Rule 1(b) of Rules Governing Section 2254 Cases.

2

Columbia] courts as state courts for the purposes of ... federal habeas corpus jurisdiction." *Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976) (internal quotation omitted); *see also Madley v. U.S. Parole Comm'n,* 278 F.3d 1306, 1308-10 (D.C. Cir. 2002). The "D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court." *Banks v. Smith*, 377 F. Supp. 2d 92, 94-95 (D.D.C. 2005); *cf. Bailey v. Fulwood*, 780 F. Supp. 2d 20 (D.D.C. 2011).

Therefore, it is clear that Petitioner is a state prisoner for consideration of habeas corpus petitions.

The Fourth Circuit definitively holds the majority view of circuits "that, regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 & n.5, 783 (4th Cir. 2016). The Fourth Circuit held in *In re Wright* that the type of petitions like the instant Petition are subject to the successive authorization requirement set forth in § 2244(b)(3), which provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* at 779.

Petitioner's Petition, although styled as a § 2241 Petition, is governed by § 2254 and all its associated statutory requirements. *See id.* at 783. Petitioner, under the question "If there are any grounds that you did not present in all appeals that were available to you, explain why you did not," answered "This claim just came to light because I just learned of the error." ECF No. 1. The

3

attachments to the Complaint reveal that Petitioner brought this issue up before 2016 with prison administration, and the date of printing of one of the sentence computation reports was October 10, 2014.  ECF No. 1.  In determining whether a Petition was successive under § 2244(b), the Fourth Circuit relies on pre-AEDPA abuse-of-the-writ principles in concluding that a Petition is successive if "it raises claims that could have been raised in prior petitions."  *In re Wright*, 826 F.3d at 783-84.  "[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."  *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

The claims raised in Petitioner's instant petition were clearly available to him when he filed prior petitions.  Petitioner is serving a sentence first computed in 1977 and again in 2000 after Petitioner violated parole and was re-incarcerated.  Petitioner's prior petitions include, but are not limited to, the following cases: *Boling v. Williamson*, 305 Fed. Appx. 7 (3d Cir. 2008)(dismissing Petitioner's appeal of district court's dismissal of habeas petition under abuse-of-writ doctrine); *Boling v. Rivera*, 472 Fed. Appx. 177 (4th Cir. 2012)(denying a certificate of appealability and dismissing appeal of district court's order that dismissed Petition for abuse of the writ); *Boling v. Mundt*, 261 Fed. Appx. 133 (10th Cir. 2008)(affirming district court's denial of habeas relief); *Boling v. Conners*, 2004 WL 1636963 (D.C. Cir. 2004)(dismissal of § 2241 petition granted because district court "correctly held that Boling may not challenge his District of Columbia convictions in federal court unless his local remedy is "inadequate or ineffective, ... and his local remedy is not inadequate or ineffective merely because the District of Columbia courts have rejected his numerous post-convictions motions, or because a judge rejected one such motion without the original court jacket"); *Boling v. Superior Ct. of Dist. of Columbia*, 2013 WL 40324 (D.S.C.  2013)(adopting the

4

Report and Recommendation that dismissed Petitioner's § 2241 petition); *Boling v. Smith*, 277 Fed. Appx. 174 (3d Cir. 2008) (affirming district court's denial of § 2241 habeas petition).

The instant Petition is therefore successive and is subject to summary dismissal. Petitioner was required to first obtain pre-filing authorization from the court of appeals before filing the instant Petition. 28 U.S.C. § 2244(b)(3)(A); *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) and *In re Wright*, 826 F.3d at 783. Since Petitioner did not first obtain permission from the Fourth Circuit Court of Appeals to file this successive Petition, this court does not have jurisdiction over Petitioner's instant Petition, and thus, the Petition is subject to summary dismissal.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition in this case be dismissed with prejudice and without requiring the respondent to file a return, as successive and unauthorized.

**IT IS SO ORDERED**.

<u>s/ Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge

November 15, 2016
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page**.

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).