IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Oliver M. Boling,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>Warden (F.C.I.) Estill,<br><br>　　　　　　Respondent. | Civil Action No. 4:16-3227-CMC<br><br>**OPINION and ORDER** |

　　　　This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2241.

　　　　In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On November 15, 2016, the Magistrate Judge issued a Report recommending that the petition for habeas corpus be dismissed with prejudice as successive, without requiring Respondent to file a return. ECF No. 12. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. The Report was sent to Petitioner on November 15, 2016. ECF No. 13. On November 29, 2016, the clerk was notified that Petitioner had not received the Report, and mailed another copy. ECF No. 14. Petitioner notified the clerk that he received the Report on December 5, 2016, and so was allowed until December 22, 2016 to file any objections. ECF No. 15. On December 19, 2016, Petitioner's objections were filed. ECF No. 17.

　　　　The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections *de novo*, the court agrees with the conclusions of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.[1]

Petitioner's objections are without merit.  First, he objects to the categorization of his Petition as one under § 2254 instead of § 2241 of Title 28.  However, as correctly analyzed by the Magistrate Judge, Fourth Circuit precedent clearly precludes this argument.  *See In re: Wright*, 826 F.3d 774 (4th Cir. 2016).  Under *Wright*, the instant petition must be one pursuant to § 2254 and the attendant requirements of § 2244.

---

[1] This Order adopts the conclusion of the Report that Petitioner's claim should be dismissed, but dismisses the Petition without prejudice to Petitioner's right to petition the Fourth Circuit for permission to file a second or successive petition.

2

Second, he objects to the conclusion that the instant petition is second or successive because "it raises claims that could have been raised in prior petitions." ECF No. 12 (citing *Wright*, 826 F.3d at 783-74). As recognized by the Magistrate Judge, § 2244 does not provide a chance to bring any claim at any time. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). Petitioner failed to obtain authorization before filing the instant petition.

Petitioner argues his claim is not successive because he did not know of this potential claim at the time he filed previous petitions under § 2241 and § 2254, and he could not file this petition until he exhausted his administrative options. However, these arguments miss the mark of what is required in order to bring a challenge under § 2254. While it may be true that Petitioner first had to exhaust his administrative options, Petitioner has provided no information as to why he did not administratively challenge the computation of his sentence earlier. Petitioner could have requested a sentence computation, as he did recently, earlier in his sentence and thus would have discovered the facts that led to his current argument, which then could have been included in his previous petitions. *See Wright*, 826 F.3d at 784 ("[N]ew claims raised in subsequent habeas petitions" are barred if "those claims were available to petitioner at the time of a prior petition's filing.").

Petitioner also argues that his petition is not successive because he has not filed a petition regarding his good time credit previously, citing a case in which a petitioner raised the same legal issue as in a prior petition. *See Cook v. Pearce*, No. A-14-CV-913 LY, 2015 U.S. Dist.

3

LEXIS 31822 (W.D. Tx. Mar. 13, 2015) (recommending dismissal based on abuse of the writ for reasserting same arguments as a previous unsuccessful filing), *aff'd* 639 F. App'x 283 (5th Cir. 2016).  Petitioner seeks to distinguish his case from the cited authority.  However, this authority is not on point.  It is not only claims previously brought that are barred from a subsequent petition, but also those that could have been brought but were not.  *See Wright*, 826 F.3d at 784 (failing to raise a claim in a subsequent petition that could have been raised in the first leads to dismissal even in "instances where litigants, through inexcusable neglect, fail to raise available claims.")

       For the reasons stated in the Report and those above, this petition is dismissed without prejudice.

**IT IS SO ORDERED**.

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            Senior United States District Judge

Columbia, South Carolina
December 28, 2016